IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Justin Grant Price, ) | C/A No.: 1:15-2412-BHH-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| Doctor Mr. Barnett; Officer Ms. ) | |
| Wells; and Nurse Ms. Karissa, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter comes before the court on the motion of Justin Grant Price ("Plaintiff") to amend his complaint [ECF No. 26]. The court construes the motion as a notice of voluntary dismissal of Barnett and a motion for voluntary dismissal of Wells. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), all pretrial proceedings have been assigned to the undersigned.

Plaintiff's motion states:

> Plaintiff moves to voluntarily dismiss as defendants Doctor[] Mr. Barnett and Officer[] Ms. Wells. Plaintiff is a pro se litigant with no formal training or education in law, and after further research now realizes that neither Doctor[] Mr. Barnett's or Officer Ms. Wells' conduct on the dates in question violated the Plaintiff's constitutional rights.

[ECF No. 26 at 1–2]. Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), Plaintiff may voluntarily dismiss Barnett, who has not made an appearance, without a court order. Absent a stipulation of dismissal, Plaintiff's motion for dismissal

of Wells is governed by Fed. R. Civ. P. 41(a)(2), which requires a court order. **Therefore, Wells is directed to advise the court by August 25, 2020, whether she consents to Plaintiff's motion to dismiss her from this lawsuit**.

Additionally, Plaintiff seeks to add Lieutenant Washington as a defendant. [ECF No. 26 at 2–6]. Plaintiff alleges Washington failed to adequately respond to his grievances and/or interfered with Plaintiff's appeal to his grievance. *Id.* at 4–6. "[L]eave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "A motion to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *HCMF Corp. v. Allen*, 238 F.3d 273, 276 (4th Cir. 2001) (internal quotation marks omitted).

Plaintiff's proposed amendment is futile. Plaintiff has no constitutional right to a proper grievance response, or even to any grievance procedure at all. *Adams v. Rice*, 40 F.3d 72, 74–75 (4th Cir. 1994). Therefore, Plaintiff's motion to amend to add Lieutenant Washington as a defendant is denied as futile.

IT IS SO ORDERED.

August 11, 2020  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge